UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVELYN KITE, *et al.*, | ) |
| Plaintiffs, | ) 2:06-CV-0745-RCJ (RJJ) |
| vs. | ) **O R D E R** |
| ZIMMER US, INC., *et al.*, | ) |
| Defendants. | ) |

Before the Court for consideration is Plaintiffs' Motion for Order to Remand (# 4). The Court has considered the Motion, the pleadings on file, and oral arguments on behalf of the parties. It is hereby ordered that Plaintiffs' Motion to Remand be *denied* without prejudice.

**BACKGROUND**

On April 26, 2004, Mrs. Evelyn Kite underwent surgery to repair a subtrochanteric fracture in her left hip. During the surgery, the surgeon placed implants and components manufactured and designed by Zimmer US, Inc. ("Zimmer US") in the surgically repaired area. Plaintiffs (Mrs. and Mr. Kite) allege that, following the surgery, Mrs. Kite experienced pain and other complications in her hip which led to a second surgery to remove and replace the alleged defective implants and components (hereinafter, "the Device").

Plaintiffs filed a complaint in the Eighth Judicial District Court of Clark County, Nevada on April 14, 2006, alleging strict product liability, negligent product liability, negligent misrepresentation, breach of warranty, and loss of consortium. Plaintiffs named as

defendants, Zimmer US, its parent corporations and subsidiaries, and Zimmer Frey Associates, Inc. (Zimmer Frey) and its parent corporations and subsidiaries. Zimmer US is a Delaware Corporation. Zimmer Frey is a Nevada Corporation with its principal place of business in Nevada. On June 16, 2006, Defendants filed a Petition for Removal (# 1) on the grounds of diversity among the parties, and the order granting removal was entered on the same day. Plaintiffs then moved to remand the action to state court. (*See* # 4).

On September 20, 2006, Plaintiffs filed their Supplement to Motion for Order of Remand and Motion to Amend the Complaint (# 28) in order to add a Zimmer representative, Clint Harris ("Harris"), alleged to be a Nevada resident. Defendants filed a response on September 22, 2006, along with the Affidavit of Clint Harris (# 30).

## DISCUSSION
### I. Standard of Review

Under 28 U.S.C. § 1332, complete diversity among the parties must exist in order for removal under 28 U.S.C. § 1441 to be permitted. The removal statute is to be strictly construed against removal jurisdiction. *See, e.g.*, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where doubt regarding the right to removal exists, a case should be remanded to state court. *Id*.

Nevertheless, fraudulently joined defendants will not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). The joinder of non-diverse defendants is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The legitimacy of

removal must be decided on evidence available at the time of removal and not on possible future evidence that may be obtained through further discovery. *TPS Utilicom Services, Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1103 (C.D. Cal. 2002) (citing *Ritchey*, 139 F.3d at 1318).

Where fraudulent joinder is at issue, "[t]he defendant seeking removal to federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. Thus, in deciding fraudulent joinder claims, the Court may "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)). In other words, "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Ritchey*, 139 F.3d at 1318.

**II. Joinder of Zimmer Frey**

Plaintiffs alleged five causes of action against all the originally named Defendants: (1) strict product liability, (2) negligent product liability, (3) negligent misrepresentation, (4) breach of warranty, and (5) loss of consortium. At issue in the Motion is whether Zimmer Frey was fraudulently joined for the purpose of defeating diversity jurisdiction. The determination as to whether Zimmer Frey was fraudulently joined turns on Nevada law as it relates to the causes of action and on the evidence the parties have presented.

A. Sufficient Causal Nexus

If there is an "absence of a sufficient causal nexus between" the plaintiff's claims and the alleged conduct of the defendant, the causes of action will fail and joinder will be

improper. *Baker v. Merck & Co., Inc.*, Case No. CV-S-05-0625, Order (D. Nev., September 12, 2005) (J. Jones). In *Baker*, the plaintiffs alleged that the defendants (drug sales representatives) supplied the drug Vioxx to the plaintiffs' physicians. *Id*. The Court found that two of the plaintiffs had received Vioxx from their physicians in California, an area not covered by the defendant sales representatives. *Id*. Due to the lack of causal nexus, the Court found no colorable claim against the defendants as to the two plaintiffs. *Id*.

In the instant case, the fact the Device was a Zimmer brand product creates the presumption that Zimmer Frey delivered the Device. Plaintiffs rely solely on an alleged phone conversation between their counsel and an unidentified Zimmer Frey representative, in which the Zimmer Frey representative confirmed that Zimmer Frey was the distributor for Zimmer US to Mountain View Hospital. Plaintiffs believe additional discovery will establish a causal connection.

Defendants rely on the Affidavit of Wade Frey in support of the contention that Zimmer Frey did not facilitate the delivery of any medical devices in Las Vegas after January 1, 2003, long before Plaintiff's surgery. (Frey Aff. ¶ 4, # 11.) This evidence contradicts the evidence Plaintiffs present in the form of the phone conversation with an unidentified representative of Zimmer Frey. Here, like in *Baker*, the evidence shows an absence of causal nexus between Plaintiffs' claims and the alleged wrongful conduct of Zimmer Frey. Plaintiffs contend that further discovery will uncover a causal nexus; however, the Court must only consider evidence presently available. *See TPS Utilicom Services, Inc.*, 223 F. Supp. 2d at 1103 (citing *Ritchey*, 139 F.3d at 1318). Like the plaintiffs' claims in *Baker*, Plaintiffs' claims here are not colorable due to the lack of a causal nexus.

B.  Seller Under Nevada Law

In Nevada, defendants must be classified as "sellers" to be found liable under some product liability theories. *Allison v. Merck & Co., Inc.*, 878 P.2d 948, 952 n.1 (Nev. 1994). In *Allison*, the Clark County Health District provided a measles, mumps, and rubella (MMR) vaccination which caused plaintiff's injuries. *Id*. at 951.  The court affirmed summary judgment in favor of the Health District on the claims of strict product liability and breach of warranty because the Health District was not a "seller of products." *Id*.  A "seller" is "a person who sells or contracts to sell goods."  Nev. Rev. Stat. § 104.2103.

Plaintiffs did not advance any argument that Zimmer Frey is a seller under Nevada law.  In support of their position that Zimmer Frey is liable as a distributor, Plaintiffs rely on the following language in *Allison*: "where injury is caused by a defective product, responsibility is placed upon the manufacturer and distributor of the defective product . . . " *Allison*, 878 P.2d at 952.  However, Plaintiffs' reliance is misplaced.  Plaintiffs take the court's language out of context.  The *Allison* court refers to a manufacturer that also distributes its product, as was the situation with the defendant (Merck) in that case.  In *Allison*, the court found that the Health District, as solely a distributor and not a manufacturer, was not a "seller of products" and therefore could not be liable under the theories of strict liability or warranty.  *Id*. at 952 n.1.

Defendants refer to a number of facts in the Affidavit of Wade Frey which demonstrate that Zimmer Frey is not a "seller" under Nevada law.  Zimmer Frey served only as a conduit through which hospitals and surgeons could request and receive medical devices. (Frey Aff. ¶ 5, # 11.)  Zimmer US and Zimmer, Inc. sell medical devices directly to the

hospitals. (*Id*. at ¶ 6.) Zimmer Frey never bought, resold, or took title to medical devices. (*Id*. at ¶ 11.) Representatives of Zimmer Frey never opened, modified, or altered the medical devices it delivered. (*Id*. at ¶ 7.) After delivery of the medical devices, Zimmer, Inc. and Zimmer US invoice the hospitals directly. (*Id*. at ¶ 12.) Finally, Zimmer Frey has never been responsible for billing or payment for the medical devices. (*Id*.) This evidence demonstrates that Zimmer Frey is merely a service provider.

The evidence presented by Defendants demonstrates that Zimmer Frey does not qualify as a seller under Nevada law because it does not sell goods or contract to sell goods. Plaintiffs failed to present any evidence that suggests Zimmer Frey would qualify as a seller.

**III. Causes of Action**

A. Strict Product Liability

In order to determine liability under a theory of strict product liability, Nevada has adopted the Restatement (Second) of Torts § 402A which restricts liability to parties "engaged in the business of selling . . . a product." *Calloway v. City of Reno*, 993 P.2d 1259, 1270 (Nev. 2000) (overruled on other grounds). Plaintiffs failed to allege that Zimmer Frey qualifies as a seller under Nevada law. Defendants have presented sufficient evidence to show Zimmer Frey is not seller. Therefore, this cause of action is not colorable under Nevada law.

B. Negligent Product Liability & Negligent Misrepresentation

A claim for negligence under Nevada law must be based on an existing duty of care. *Jordan v. State ex rel. Dept. of Motor Vehicles and Public Safety*, 110 P.3d 30, 51 (Nev. 2005). Although the Supreme Court of Nevada has not addressed the issue of supplier

negligence, the Restatement (Second) Torts § 402 states that a supplier "who neither knows nor has reason to know that [its product] is, or is likely to be, dangerous, is not liable in an action for negligence." In addition, a claim for negligent misrepresentation is only available if the plaintiff suffers pecuniary losses in the context of a business transaction. *See Bill Stremmel Motors, Inc. v. First Nat'l Bank of Nevada*, 575 P.2d 938, 940 (Nev. 1978).

Because Zimmer Frey did not supply the Device, it cannot be liable for negligent product liability or negligent misrepresentation because it did not owe the Plaintiffs a duty of care. In the alternative, even if Zimmer Frey did deliver the Device, Plaintiffs failed to allege any conduct that would subject Zimmer Frey to liability for negligence. Defendants did not manufacture, open, test, or alter any of the products it delivered. Zimmer Frey was merely a conduit between Zimmer and the hospital and could not reasonably have known if the Device was defective. These causes of action fail because, even if Zimmer Frey delivered the Device, Plaintiffs have not alleged any conduct that would subject Zimmer Frey to liability.

C. Breach of Warranty

Under Nevada law, only sellers of products can provide express and implied warranties. Nev. Rev. Stat. § 104.2313-2315 (2005). This claim fails because, as previously discussed, Plaintiffs failed to allege that Zimmer Frey was a seller under Nevada law.

D. Loss of Consortium

A spouse's claim for loss of consortium is derivative, and thus only available if the other spouse has a valid cause of action against the same defendant. *Turnbow v. Wasden*, 608 F. Supp. 237, 243 (D. Nev. 1985). Mr. Kite's derivative cause of action for loss of

consortium is not valid because Mrs. Kite's causes of action against Zimmer Frey are not valid.

The evidence presented supports Defendants' position that there is no causal nexus between Zimmer Frey and the Device used on Mrs. Kite's hip.  Even if a causal connection does exist, Zimmer Frey could not be held liable in Nevada under the theories of strict product liability and warranty because it is not a "seller."  The claims of negligent product liability and negligent misrepresentation also fail because even if Zimmer Frey delivered the Device, it did not know, nor did it have reason to know, that the Device was dangerous or defective.  Mr. Kite's derivative cause of action for loss of consortium is not valid because Mrs. Kite's causes of action against Zimmer Frey fail.  Zimmer Frey was fraudulently joined by the Plaintiffs for the purpose of defeating diversity jurisdiction.

**III.  Plaintiffs' Motion to Amend**

On September 20, 2006, Plaintiffs filed their Supplement to Motion for Order of Remand and Motion to Amend the Complaint (# 28).  In response to a subpoena served on MountainView Hospital on September 8, 2006, Plaintiffs obtained the name of the representative (Clint Harris) through whom MountainView purchased the Device used on Mrs. Kite's hip.  Harris is purportedly a Nevada resident, and Plaintiffs argue that his joinder defeats diversity and requires remand.  Plaintiffs failed to attach the proposed amended complaint as required under Local Rule 15-1(a).  It is unclear what causes of action Plaintiffs will bring against Harris or whether any of the present causes of action would impose liability on him.

The relationship of Harris to any of the previously named defendants is at this point unclear. Harris states that he is an employee of Zimmer Rocky Mountain, a Colorado corporation. (Harris Aff. ¶ 2, # 30.) Zimmer Rocky Mountain has not been made a party to this action and would not defeat diversity if added. In oral argument, Plaintiffs argued that there may be some relationship between Zimmer Rocky Mountain and Zimmer Frey as the phone number listed for Harris is the same number listed for Zimmer Frey.

Assuming Harris is an employee of Zimmer Rocky Mountain, and no connection can be shown between Zimmer Rocky Mountain and Zimmer Frey, diversity will not be defeated by adding Harris. In addition, under N.R.S. § 11.190(e),[1] the statute of limitations for the claims brought against the currently named defendants for negligent product liability and negligent misrepresentation have run as to Harris. Harris would certainly suffer prejudice if joined as a defendant under these charges. Plaintiffs must show good cause in order to join Harris on claims in which the statutes of limitations have run.

In deciding whether to grant a motion to amend, a court should consider four factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of amendment. *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). However, as Plaintiffs have not yet filed a proposed amended complaint as required by Local Rule 15-1(a), it is premature for the Court to decide on whether to allow Plaintiffs to amend the complaint. As noted in oral argument, a judge has discretion in deciding whether to allow joinder of additional defendants that will destroy subject matter jurisdiction. 28 U.S.C. § 1447(e).

---

[1] N.R.S. § 11.190(e) states that "an action to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another" must be brought within two years.

**CONCLUSION**

Because Plaintiffs failed to include a proposed amended complaint with their Motion to Amend, the Court must refrain from deciding the merits of the possible joinder of Harris. Diversity is deemed complete until Plaintiffs can claim a valid cause of action against a non-diverse party.

IT IS HEREBY ORDERED that Plaintiffs' Motion for Order to Remand (# 4) be *denied* without prejudice.

DATED this 21st day of November, 2006.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE